UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET M. CORDTS,

                     Plaintiff,                         Case Number 18-13017

v.                                                  Honorable David M. Lawson

HURON CHARTER TOWNSHIP,
JACK BUSH, and BUSH & SON
GRADING & EXCAVATING, INC.,

                     Defendants,

and

JACK BUSH, and BUSH & SON
GRADING & EXCAVATING, INC.,

                     Defendants/Cross-Plaintiffs,

v.

HURON CHARTER TOWNSHIP

                     Defendant/Cross-Defendant.

_____/

## ORDER DENYING MOTION TO ENTER PARTIAL FINAL JUDGMENT AND CERTIFY ORDER FOR APPEAL

This matter is before the Court on defendant Huron Township's motion to enter a final judgment to allow it to appeal the Court's decision that granted in part and denied in part cross motions for summary judgment in this case. In its opinion and order, the Court dismissed several of the plaintiff's claims, determined that fact questions precluded summary judgment for defendant Huron Township on the plaintiff's takings, due process and part of her Fourth Amendment claim, and held the plaintiff is entitled to partial summary judgment on her Fourth Amendment claim

regarding Huron Township's pre-demolition inspections.  Huron Township relies on Federal Rule of Civil Procedure 54(b) and Federal Rule of Appellate Procedure 5(a)(3) to support its request. Appellate Rule 5(a)(3) does not help the defendant; it merely speaks to the timing for filing a motion for permission to appeal in the court of appeals.  Civil Rule 54(b) allows the district court to enter final judgment on one or more claims that have been determined when the case remains open because other claims remain pending.  But the Court has not finally determined any claims against Huron Township in this case yet.  There is no decision that fits within Rule 54(b)'s ambit. The motion will be denied.

## I.

Plaintiff Janet Cordts sued Huron Township and its city attorney, a police officer, and an excavation contractor after a house she owned on Otter Road in the Township was condemned and demolished.  She alleged that the Township did not follow proper procedures to give her notice of the impending demolition and retaliated against her when she complained about it.

She pleaded fifteen counts in her complaint: inverse condemnation/taking without just compensation under Article X, section 2 of the Michigan constitution (Count I) and the Fifth Amendment (Count II) against Huron Township; deprivation of property without due process under the Fourteenth Amendment (Count III), retaliation in violation of the First Amendment and the Michigan constitution (Count IV), unlawful property seizure under the Fourth Amendment (Count V), and denial of equal protection of law (Count VI) against all defendants; trespass (Count VII), trespass to chattels (Count VIII), statutory and common law conversion (Count IX), replevin/claim and delivery (Count X), and unjust enrichment (Count XI) against Bush & Son and Jack Bush; negligence/gross negligence (Count XII), intentional infliction of emotional distress

(Count XIII), and negligent infliction of emotional distress (Count XIV) against all defendants; and violation of Michigan's Headlee Amendment (Count XV) against Huron Township.

The claims against the city attorney were dismissed by stipulation.  The Court dismissed the claims against the police officer on summary judgment.

Addressing the parties' cross motions for summary judgment, the Court dismissed all the claims against the Township except the takings claims in Counts I and II, the due process claim in Count IV, and the Fourth Amendment violation claim in Count V.  The Court determined that issues of fact remained for trial on Counts, I, II, IV, and part of Count V.  On the Fourth Amendment claim in Count V, the Court held that the plaintiff was entitled to partial summary judgment on liability on that part of her claim that alleged unlawful entry, and fact questions precluded summary judgment for either side on the part of the claim alleging unlawful seizure resulting from the demolition of the house.  State law claims also remain pending against the demolition contractor.

The Township contends that the Court should enter an order under Civil Rule 54(b) to allow an immediate appeal of the part of the summary judgment opinion and order that found in favor of the plaintiff on her Fourth Amendment claim.  The Township argues that the Court's decision constituted a final judgment against it; the Court committed error because it found the Township liable on a *respondeat superior* theory in violation of *Monell v. New York City Dept. of Social Servs.,* 463 U.S. 658 (1978); *res judicata* barred Cordts's federal claims where her alleged constitutional violations could have been raised as defenses in her state court misdemeanor manner, which the Court did not address; and all factors weigh in favor of finding no just reason to delay appellate review of the order.  None of these arguments is correct.

II.

The court of appeals has appellate jurisdiction over all final judgments and orders of the district court, 28 U.S.C. § 1291, and some interlocutory orders, 28 U.S.C. § 1292. The order deciding the cross motions for summary judgment is not a final judgment. Nor does it fit any of the categories of appealable interlocutory orders listed in section 1292, and the defendant has not asked the Court to certify the "order [as] involve[ing] a controlling question of law" under section 1292(b). Instead, the Township invokes Civil Rule 54(b).

Rule 54(b) states that "[w]hen an action presents more than one claim for relief . . ., the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Certification under this rule requires two separate findings. *In Re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019) (citing *Gen. Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)). "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review." *Ibid.* (quoting *Gen. Acquisition*, 23 F.3d at 1026) (cleaned up)). The Court must also explain how it "concluded that immediate review of the challenged ruling is desirable." *Adler v. Elk Glenn, LLC*, 758 F.3d 737, 738 (6th Cir. 2014) (*citing Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 601-62 (6th Cir. 1986)).

The order the Township wants certified does not meet the first requirement. It is not a final judgment on the Fourth Amendment claim. In general, the standard for determining what constitutes finality under the rule is the same as that utilized in single-claim cases and is found in 28 U.S.C. § 1291. *Ibid.* "A decision is final if it 'ends the litigation on the merits and leaves

nothing for the court to do but execute the judgment.'" *Bd. of Trustees of Plumbers, Pipe Fitters & Mechanical Equipment Serv., Local Union No. 392 v. Humbert*, 884 F.3d 624, 625-26 (6th Cir. 2018) (quoting *Catlin v. United* States, 324 U.S. 229, 233, (1945)). The Township argues that the order is final on that count because it determines liability and exposes it to damages and attorney's fees. But the order determined only the liability part of the claim. A ruling on a motion for summary judgment is not a final judgment "when the assessment of damages remains," unless the damages calculations involve "only ministerial tasks." *Woosley v. Avco Corp*., 944 F.2d 313, 316 (6th Cir. 1991); *see also Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) ("where assessment of damages or awarding of other relief remains to be resolved[, judgments] a have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291"); *Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 821 (6th Cir. 2005) (holding that a final judgment may not be entered on fewer than all claims in a case unless that judgment "entirely resolve[s]" an individual claim). That is not the case here.

The Township criticizes the Court's order on the plaintiff's Fourth Amendment claim as violating the *Monell* decision and failing to uphold a *res judicata* bar. However, Huron Township did not make a *respondeat superior* argument or raise *res judicata* or claim preclusion in its motion for summary judgment, its response to Cordts's motion for partial summary judgment, its reply to Cordts's response to its motion for summary judgment, or its answer. The Court is not obliged to make the defendant's arguments for it. *See Wysong Corp. v. M.I. Indus.*, 412 F. Supp. 2d 612, 622 (E.D. Mich. 2005) (stating that "[t]he Court not obliged to 'comb through the record'" in search of issues on summary judgment) (quoting *Cacevic v. City of Hazel Park,* 226 F.3d 483, 492 (6th Cir. 2000); *see also Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006) (holding the failure to present an issue to the district court forfeits the right to have the argument addressed

. . . .").  And counsel's omission certainly does not support an effort to raise new arguments in a different court.

Finally, the Township fails to satisfy Rule 54(b)'s second requirement — that there is no just reason for delaying the entry of a final judgment on the challenged part of the plaintiff's Fourth Amendment claim.  That requirement enforces "'the historic federal policy against piecemeal appeals.'"  *In Re Fifth Third*, 925 F.3d at 273; *see also Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8 (1980) ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.").  The Sixth Circuit has "articulated a non-exhaustive list of factors that district courts should consider when making a Rule 54(b) determination."  *Ibid.*  These include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Gen. Acquisition*, 23 F.3d at 1030 (citations omitted).  The Township's arguments touch none of these bases.

The challenged part of the Fourth Amendment claim is only half the claim raised on Count V.  The other half, dealing with the actual demolition of the house, is bound to it, and the damages likely will overlap.  And the takings and due process claims that remain for trial may generate a damage award that subsumes the damages caused by the Fourth Amendment trespass claim.  If the plaintiff prevails on any of these other claims, no doubt the Township will seek an appeal, causing another trip to that court in which the court of appeals may be required to revisit the same issues that the Township presumably intends to raise in the interlocutory appeal it contemplates.  There

is no counterclaim that may support a setoff, but the damage award on the other remaining claims, should the plaintiff prevail, may eclipse any award for the Fourth Amendment trespass claim. The Township argues that allowing an immediate appeal will forestall the plaintiff running up her attorney's fees preparing for trial. But that argument ignores the potential fees and expenses the plaintiff would incur defending an appeal in which the defendant seeks to raise issues that never were presented to this Court. Nothing in this non-exhaustive list of factors favors the Township's position.

III.

Huron Township has not established the requisites of Civil Rule 54(b) for the entry of a final judgment on the claim determined against it on summary judgment.

Accordingly, the defendant's motion to certify a part of the opinion and order adjudicating the cross motions for summary judgment as a final judgment under Federal Rule of Civil Procedure 54(b) (ECF No. 87) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 8, 2021